**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| LEE NELLY MORALES, | § | |
| *Plaintiff,* | §<br>§ | |
| v. | §<br>§ | Civil Action No. SA-23-CV-00161-XR |
| WILLIE JAMES DELOACH, JR.,  SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, | §<br>§<br>§<br>§ | |
| *Defendants.* | § | |

## REMAND ORDER

On this date, the Court considered its jurisdiction over this removed case. This Court has a duty to examine its subject matter jurisdiction and must do so *sua sponte* when necessary. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Plaintiff Lee Nelly Morales filed this action in Bexar County district court against Willie James Deloach, Jr. and Swift Transportation Co. of Arizona, LLC, seeking money damages for injuries sustained after a motor vehicle collision involving Defendants. Defendant Swift Transportation Co. of Arizona, LLC removed the case on February 9, 2023 on the basis of diversity jurisdiction. However, Defendant did not properly plead the citizenship of Swift Transportation Co. of Arizona, LLC, as required. Defendant did not identify the members or partners of the LLC, nor did it plead their citizenships. Instead, Defendant simply alleged that Swift Transportation Co. of Arizona, LLC is "a limited liability company organized under the law of the State of Delaware."

On February 10, 2023, this Court issued its Standing Order Concerning Removed Cases. Therein, the Court expressly instructed Defendant to "properly plead the citizenship of all

1

Case 5:23-cv-00161-XR   Document 11   Filed 02/27/23   Page 2 of 3

parties" and instructed that "[t]he removing party shall ensure that they have properly pled the citizenship of all parties in this case as outlined below, and shall file an amended notice of removal or supplement their original notice of removal within 14 days of this Order if they have not." The Standing Order then set forth the required pleadings for LLC parties:

> (b) **LLCs, Partnerships, and Unincorporated Associations**: The citizenship of limited liability entities is determined by the citizenship of all their members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Similarly, the citizenship of a partnership is determined by the citizenship of all its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990); *Corfield v. Dallas Glen Hills, L.P.*, 355 F.3d 853, 856 n.3 (5th Cir. 2003). "A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." *Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536 (5th Cir. 2017). When members or partners are themselves entities or associations, citizenship must be traced through however many layers of members/partners there are until arriving at the entity that is not a limited liability entity or partnership and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397-98 (5th Cir. 2009).

The order also directed that the removing party must plead the citizenship of individuals, and that alleging residency alone was insufficient. Removing Defendants were expressly warned, "Failure to file an amended Notice of Removal or to supplement the record with proper citizenship allegations within 14 days may result in remand of this action by the Court *without further notice*." More than 14 days have passed since the Court issued its Standing Order, and the removing Defendant did not file an amended notice of removal or supplement the record with proper citizenship allegations. Defendant therefore failed to meet her burden of proving the existence of diversity jurisdiction to support removal.[1]

Based on the foregoing, the Court is unable to find that it has diversity jurisdiction. This case is therefore **REMANDED** for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1447(c), (d).

It is so **ORDERED**.

---

[1] The Court also notes that Defendant has failed to allege that the amount in controversy exceeds $75,000.

3

**SIGNED** February 27, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE